UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

YOONJONG FAUBUS                                          PLAINTIFF

V.                    NO. 4:18CV00678 BSM-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not reserved
to the Commissioner of Social Security             DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Yoonjong Faubus ("Faubus"), applied for disability benefits on July 10, 2014, alleging disability beginning on October 1, 2009.[1] (Tr. at 21). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application.

---

[1] Faubus's date last insured is December 31, 2014, so in order to prevail, she must show disability between October 1, 2009 and December 31, 2014. (Tr. at 21-23).

(Tr. at 30). The Appeals Council denied her request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner. Faubus has filed a Complaint seeking judicial review from this Court.

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II.  The Commissioner's Decision:

The ALJ found that Faubus had not engaged in substantial gainful activity during the period from her alleged onset date of October 1, 2009 through the date last insured of December 31, 2014. (Tr. at 23). At Step Two, the ALJ found that Faubus has the following severe impairments: neuropathy, depression, diabetes, arthralgias, history of sensorium hearing loss, history of cognitive impairment, and history of headaches. (Tr. at 23).

After finding that Faubus's impairment did not meet or equal a listed impairment (Tr. at 24), the ALJ determined that Faubus had the residual functional capacity ("RFC") to perform the full range of light work, except that: (1) she cannot work from ropes, ladders, scaffolding, or unprotected heights; (2) she can perform simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete; (3) she can have frequent interaction with her coworkers and supervisors, and occasional interaction with the public; and (4) she is limited to work at a hearing

level of 3, consistent with work in an office setting, and would need to work in a workplace free of sounds such as factory, assembly work, or machinery noise. (Tr. at 25).

The ALJ found that, based on her RFC, Faubus was unable to perform any past relevant work. (Tr. at 28). At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Faubus's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including work as a price marker and cleaner in housekeeping. (Tr. at 30). Thus, the ALJ found that Faubus was not disabled. *Id*.

### III. Discussion:

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly

> detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

### B. Faubus's Arguments on Appeal

Faubus contends that substantial evidence does not support the ALJ's decision to deny benefits. She makes only one argument: the ALJ failed to properly use the assistance of an interpreter at the hearing, so she did not get a fair hearing. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

An interpreter was present for the administrative hearing, along with Faubus, her attorney, and a vocational expert. The ALJ asked Faubus's attorney if they could agree that Faubus would speak up when she did not understand a question and needed to use the interpreter. (Tr. at 62-63). The attorney agreed. *Id*.

Faubus bases her argument for reversal on four specific instances in which

she alleges communications broke down during the hearing: (1) when asked about her zip code, she hesitated before she remembered it and answered; (2) she did not understand a question about her date last insured; (3) she struggled with the word for "dizziness"; and (4) the ALJ asked a question that was too long for her to understand (although after the question was posed, she responded, "That is correct") (Tr. at 64-67, 71-72). These are the only communication problems Faubus points to over the course of the 72-minute administrative hearing. Importantly, when requested, Faubus was always allowed to utilize the interpreter. (Tr. at 67). Finally, Faubus's attorney questioned her for an extended period of time, without once using the interpreter. (Tr. at 85-99).

Moreover, Faubus indicated on her disability report that that she could speak, read, and understand English. (Tr. at 242). She completed the 12th grade, and she was in no special classes. (Tr. at 244). Faubus's husband filled out a long function report for her and never indicated that Faubus had any problem communicating in English. (Tr. at 268-275). He said she could follow short, written instructions. (Tr. at 273). He said she could pay bills, manage a checkbook, and sing church hymns. (Tr. at 272, 281).

Faubus cites to the Social Security Administration's Program Operations Manual System ("POMS"), which states that the Administration "will provide an

5

interpreter free of charge, to any individual requesting language assistance, or when it is evident that such assistance is necessary to ensure that the individual is not disadvantaged." https://secure.ssa.gov/poms.nsf/lnx/0423040001; POMS, DI § 23040.001(A). Faubus answered numerous questions at the hearing, without any problems, and the four communication breakdowns she alleges do not show that she was disadvantaged or prejudiced by her answers. The interpreter provided services when asked, and her attorney never requested the use of the interpreter in connection with any of the communication breakdowns noted in Faubus's Brief.

Faubus cites cases from other circuits, but, in all of those decisions, the Court remanded for a new administrative hearing because the way the interpreter was used or not used created a "lack of consistent effective communication" and resulted in "incomprehensible answers" by the claimant. *Tuthill v. Astrue*, 2010 WL 3195789, at *1-3 (W.D. Wash. Aug. 10, 2010); *Novikov v. Astrue*, 2008 WL 4162941, at *2-5 (W.D. Wash. Sept. 2, 2008). The transcript of the administrative hearing in this case shows no such breakdown in communication, much less one that resulted in any prejudice to Faubus.

Finally, in *Zao Lin Liu v. Colvin*, 2015 WL 1599659, at *3-4 (W.D. Wash. Apr. 9, 2015), the court outlined the factors that should be considered in determining if an interpreter is needed: the claimant's self-reported difficulties in using and

understanding English; the claimant's ability to converse at the disability hearing; and whether the claimant is represented by counsel. All of the factors identified in *Zao Lin Liu* weigh against Faubus's argument the ALJ erred in the way the interpreter was utilized during the administrative hearing.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that Faubus was not disabled. The ALJ conducted a full and fair hearing.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 12th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE